UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL PARTNERS LP<br><br>    Plaintiff,<br><br>v.<br><br>TGC, L.P. and MBI HOLDINGS, LLC<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:20-cv-10346<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND JURY DEMAND**

**Introduction**

This is an action for breach of contract by Plaintiff Global Partners LP ("Global Partners") to recover a total of over $5,256,816 from Defendants TGC, L.P. ("TGC") and MBI Holdings, LLC ("MBI"). Global Partners seeks $2,628,408 from each of the Defendants, plus interest, attorney's fees, and costs. Global Partners also seeks declaratory relief affirming that Global Partners is not subject to an arbitration tribunal convened by Defendants under an arbitration clause in a limited liability agreement ("LLC Agreement") to which Global Partners is not a party.

The Defendants and Global Operating LLC ("Global Operating"), a subsidiary of Global Partners, entered into the LLC Agreement in February 2013 in connection with the acquisition of the membership interests in Basin Transload, LLC ("Basin"), which owns and operates two oil transload facilities in North Dakota. Under the LLC Agreement, Global Operating has a 60% membership interest in Basin, and TGC and MBI each have a 20% membership interest. In April 2014, Basin entered into a Construction and Indemnity Agreement with Tesoro High Plains Pipeline Company, LLC ("Tesoro") for Tesoro to construct an oil pipeline to one of Basin's facilities located in Beulah, North Dakota (the "Tesoro Agreement"). As part of this agreement,

Global Partners agreed to be liable under a guaranty for certain payments Basin owed to Tesoro. In April 2014, Global Partners entered into a letter agreement with the Defendants, whereby TGC and MBI would reimburse Global Partners their pro rata share of any payment Global Partners made to Tesoro under the guaranty (the "Contribution Agreement"). In October 2017, Tesoro made a demand of $13,142,039 upon Basin under the Tesoro Agreement. When Basin did not pay, Tesoro made a demand upon Global Partners under its guaranty obligations. Global Partners timely made the payment.

TGC and MBI refuse to pay their respective shares under the Contribution Agreement. Instead, in January 2020, TGC and MBI served a Notice of Arbitration on Global Partners and Global Operating under Section 10.2(a) of the LLC Agreement. The Notice of Arbitration seeks, among other things, a determination that TGC and MBI owe no reimbursement to Global Partners for the guaranty payments under the Contribution Agreement. Global Partners is not a party to the LLC Agreement, including its arbitration provisions, and thus any claims related to it are not arbitrable.

**Parties**

1. Global Partners LP is a Delaware limited partnership registered to do business in Massachusetts and with its principal place of business at 800 South Street, Suite 500, Waltham, Massachusetts.

2. TGC, L.P. is a Montana limited partnership with its principal place of business at 3529 Gabel Road, Billings, Montana.

3. MBI Holdings, LLC is a North Dakota limited liability company with its principal place of business at 103 Fifth Street East, Dickinson, North Dakota.

**Jurisdiction and Venue**

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 (diversity jurisdiction) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is appropriate in this district because a substantial part of the events giving rise to the claim occurred in Massachusetts. The principal places of business for Global Partners, Global Operating, and Basin are in Massachusetts, and Basin's management is primarily located in Massachusetts. Global Partners also negotiated and entered into the Contribution Agreement in Massachusetts.

**Facts**

**The Agreements**

6. In February 2013, Global Operating, TGC, and MBI entered into a Limited Liability Company Agreement in connection with the acquisition of the membership interests in Basin, a company that owns two oil transload facilities in or near Beulah and Columbus, North Dakota. (Ex. A).

7. An oil transload facility transfers oil shipments from one mode of transportation to another. At Basin's facilities, oil is transferred from truck or pipeline to rail.

8. Global Operating, a wholly-owned subsidiary of Global Partners, has a 60% membership interest in Basin, and TGC and MBI each have a 20% membership interest in Basin.

9. In April 2014, Basin entered into the Tesoro Agreement with Tesoro to construct a pipeline to its Beulah facility. (Ex. B).

10. As part of the Tesoro Agreement, Global Partners agreed to be liable as a guarantor for any amounts Basin owed to Tesoro under an Irrevocable Limited Guaranty Agreement. (*Id.*, Addendum B).

11. In April 2014, Global Partners entered the Contribution Agreement with TGC and MBI whereby TGC and MBI would each contribute to any guaranty payment Global Partners made to Tesoro under the Irrevocable Limited Guaranty Agreement: "Global, TGC and MBI have agreed that, in the event Global [Partners] is required to pay any amounts to [Tesoro] in respect of the Guaranteed Obligations during the Term or following the Recovery Period (any such amount(s), a '***Guaranty Payment***'), each of TGC and MBI shall, within 5 business days of receiving notice from Global [Partners] of such required Guaranty Payment to [Tesoro], reimburse Global 20% of the Guaranty Payment." ("Contribution Agreement," Ex. C).

12. If either or both of TGC or MBI failed to timely pay its/their contribution(s), the Contribution Agreement listed five potential remedies, including taking "any other action (including instigating court actions) as Global [Partners] may deem appropriate to obtain payment by the Non-Paying Party's 20% share of any Guaranty Payment made by Global." (*Id*.).

**Tesoro Demands Payment Under the Tesoro Agreement and Guaranty Agreement**

13. On August 23, 2017, Tesoro issued a notice of termination of the Tesoro Agreement and made a demand upon Basin for $13,142,039 under the Tesoro Agreement.

14. Basin and Tesoro extended the effective date of the termination of the Tesoro Agreement and the date upon which payment of $13,142,039 was due by Basin while they attempted to negotiate a new agreement.

15. They could not come to terms on a new agreement, so on October 9, 2017, Tesoro notified Basin that termination of the Tesoro Agreement became effective on October 6, 2017, and payment of $13,142,039 became due on October 24, 2017. (Ex. D). Tesoro attached an invoice for this amount to its letter. (*Id.*).

16.     Basin did not and could not pay to Tesoro the demanded amount by close of business on October 24, 2017, so Tesoro called upon Global Partners to pay the amount Basin owed under the Irrevocable Limited Guaranty Agreement.  (Ex. E).

17.     On October 26, 2017, Global Partners paid Tesoro the entire amount demanded in accordance with its guaranty obligation.

**TGC and MBI Refuse to Pay
Global Partners Their Shares of the Guaranty Payment**

18.     TGC and MBI knew of the obligations under the Tesoro Agreement, received copies of Tesoro's demands, and knew that Global Partners had made a Guaranty Payment.

19.     TGC and MBI refused to pay to Global Partners their respective shares of the Guaranty Payment under the Contribution Agreement.

20.     For two years, the parties attempted to resolve this matter through negotiations.

21.     Those negotiations were unsuccessful, so Global Partners sent a formal Notice of Guaranty Payment on October 1, 2019.  (Ex. F).

22.     Under the Contribution Agreement, and as noted in the Notice of Guaranty Payment, TGC's and MBI's contributions of $2,628,408 each were due within 5 business days, by October 8, 2019.

23.     TGC and MBI have not paid their contributions.

**TGC and MBI Improperly Seek to Avoid their Contribution Payments by
Attempting to Arbitrate the Payments, which Global Partners Did not Consent to**

24.     Rather than pay their contributions, on January 31, 2020, TGC and MBI served a Notice of Arbitration on Global Partners and Global Operating purportedly pursuant to Section 10.2(a) of the LLC Agreement.  Global Partners is not a party to the LLC Agreement and did not consent to arbitrate any claims related to it.

25. TGC and MBI seek, among other things, a determination that TGC and MBI owe no reimbursement to Global Partners under the Contribution Agreement.

## Count I
**(Breach of Contract)**

26. Global Partners repeats and incorporates by reference the allegations contained in the above paragraphs.

27. Under the Contribution Agreement, TGC, and MBI each owed a duty to Global Partners to reimburse Global Partners 20% of the Guaranty Payment.

28. Global Partners met all of its conditions precedent by making a Guaranty Payment to Tesoro and providing notice to the Defendants.

29. TGC and MBI breached their duties to Global Partners under the Contribution Agreement when they refused to pay their respective shares.

30. As a result of the Defendants' breaches, Global Partners is owed $2,628,408 from each of the Defendants, a total of $5,256,816, plus interest, fees, and costs.

## Count II
**(Declaratory Judgment)**

31. Global Partners repeats and incorporates by reference the allegations contained in the above paragraphs.

32. The LLC Agreement among Global Operating, TGC, and MBI contains an arbitration clause, which dictates that disputes under the LLC Agreement will be resolved by binding arbitration.

33. Global Partners is not a party to the LLC Agreement and is not a "Member" of the LLC. Therefore, Global Partners is not bound by the arbitration clause.

34. An actual, present, and justiciable controversy has arisen between Global Partners and the Defendants as to whether the arbitration clause reaches Global Partners and its claims.

35. Global Partners is entitled to declaratory relief pursuant to 28 U.S.C. § 2201, declaring that Global Partners is not bound by the arbitration clause contained in the LLC Agreement, that any claims related to it are not arbitrable, and the arbitration tribunal convened by Defendants lacks jurisdiction over Global Partners.

WHEREFORE, Global respectfully requests that the Court:

A. Enter judgment in favor of Global Partners for at least $5,256,816 ($2,628,408) per Defendant), with interest and costs;

B. Enter a declaratory judgment affirming that Global Partners is not bound by the arbitration clause of the LLC Agreement and the arbitration tribunal convened by Defendants lacks jurisdiction over Global Partners and any claims related to it;

C. Award Global Partners its attorney's fees; and

D. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

**GLOBAL PARTNERS HEREBY MAKES A DEMAND FOR TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

February 20, 2020

    Respectfully submitted,

    GLOBAL PARTNERS LP

    By its attorneys,

    <u>/s/Matthew J. Connolly</u>
    Matthew J. Connolly (BBO# 676954)
    mconnolly@nutter.com
    Patrick J. Maher (BBO# 703656)
    pmaher@nutter.com
    Nutter, McClennen & Fish LLP
    Seaport West, 155 Seaport Blvd.
    Boston, Massachusetts 02210
    Telephone: (617) 439-2000
    Fax: (617) 310-9000

4743670