**IN THE UNITED STATES DISTICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GLOBAL PARTNERS LP<br><br>Plaintiff,<br><br>vs.<br><br>TGC, L.P. and MBI HOLDINGS, LLC<br><br>Defendants. | Case No. 1:20-cv-10346 |

**DEFENDANTS' MOTION TO COMPEL ARBITRATION**
**<u>AND IN THE ALTERNATIVE, TO DISMISS</u>**

TGC, L.P. ("TGC") and MBI Holdings LLC ("MBI") (collectively, the "Defendants") hereby move to compel Plaintiff Global Partners LP ("Global Partners" or "Plaintiff") to arbitrate all claims in its Complaint and Jury Demand (Dkt. 1) (the "Complaint") against TGC and MBI. Alternatively, Defendants respectfully request this Court dismiss the Complaint for failure to plead a prima facie basis for personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. As grounds for this motion, Defendants state as follows:

1. Plaintiff's claims are subject to mandatory arbitration. This dispute arises under the Limited Liability Company Agreement of Basin Transload, LLC (the "LLC Agreement") between TGC, MBI, and Global Operating LLC ("Global Operating"), Plaintiff's wholly-owned subsidiary, and is therefore subject to the LLC Agreement's mandatory arbitration clause (the "Arbitration Agreement"). While Plaintiff attempts to characterize the dispute as one over a side letter guarantee, it is really a dispute over the LLC Agreement and Plaintiff's repeated and continued abuse of Basin Transload, LLC ("Basin"). Because Plaintiff has complete control over Basin, it cannot escape the LLC Agreement's Arbitration Agreement simply because it was not a signatory. Plaintiff is also estopped from avoiding arbitration due to its own conduct.

2. In the alternative, the Court should dismiss the Complaint because Plaintiff has failed to plead a prima facie case for personal jurisdiction. To show the court has personal jurisdiction over both TGC and MBI, Plaintiff must show those entities have minimum contacts with Massachusetts such that defending suit in this jurisdiction does not offend traditional notions of fair play and substantial justice. It is plain on the face of the Complaint itself that Plaintiff makes *no* jurisdictional allegations against TGC or MBI, in fact asserting no connection to Massachusetts whatsoever, and therefore cannot establish the prima facie basis for personal jurisdiction

3. Defendants set forth the basis for this motion in further detail in their accompanying Memorandum in Support and the Declaration of James Robert Bennett, both of which are fully incorporated by reference herein.

4. The evidence that supports this motion, as discussed more extensively in the accompanying Memorandum in Support, includes the following exhibits:

- Exhibit A: the Limited Liability Company Agreement of Basin Transload, LLC (the "LLC Agreement");
- Exhibit B: the Construction and Indemnity Agreement between Plaintiff and Tesoro High Plains Pipeline Company LLC (the "Tesoro Agreement");
- Exhibit C: an April 3, 2014 letter agreement between TGC, MBI, and Plaintiff (the "Letter Agreement");
- Exhibit D: a November 6, 2018 letter from Plaintiff; and
- Exhibit E: Defendant's Notice of Arbitration, sent to Plaintiff and Global Operating on January 31, 2020.

**WHEREFORE,** TGC and MBI respectfully request that this Court issue an order compelling Plaintiff to arbitrate all claims in the Complaint. In the alternative, TGC and MBI request this Court issue an order dismissing Plaintiff's Complaint. Finally, if the Court does not

dismiss the Complaint, TGC and MBI respectfully request this Court stay this action pending the resolution of the arbitration proceeding.

## REQUEST FOR ORAL ARGUMENT

TGC and MBI respectfully request oral argument, because they believe that it may assist the Court in deciding this Motion.

Dated: Boston, Massachusetts
March 31, 2020

Respectfully Submitted,

/s/ *Jack W. Pirozzolo*

Jack W. Pirozzolo (BBO # 564879)
**Sidley Austin LLP**
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0300
jpirozzolo@sidley.com

*Counsel for Defendants*

Penny P. Reid
preid@sidley.com
Texas Bar No. 15402570
New York Bar No. 5699
David Y. Sillers
dsillers@sidley.com
Texas Bar No. 24072341
**Sidley Austin LLP**
2021 McKinney Ave., Suite 2000
Dallas, TX 75201
(214) 961-3300

*Counsel for Defendants, pro hac motion forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on March 31, 2020.

/s/ *Penny P. Reid*
Penny P. Reid

**CERTIFICATION OF COMPLIANCE WITH L.R. 7.1(a)(2)**

I, Penny P. Reid, counsel for Defendants, hereby certify that, in accordance with Local Rule 7.1(a)(2), counsel for Defendants has conferred with counsel for Plaintiff.

/s/ *Penny P. Reid*
Penny P. Reid