# EXHIBIT E

**BEFORE AN ARBITRATION PANEL**
**UNDER THE SUPERVISION OF THE CPR INSTITUTE**
**FOR CONFLICT PREVENTION AND DISPUTE RESOLUTION**

TGC, L.P., and MBI HOLDINGS, LLC,

Claimants,

vs.

GLOBAL PARTNERS LP and GLOBAL OPERATING LLC,

Respondents.

**NOTICE OF ARBITRATION**

TGC, L.P. ("TGC"), and MBI Holdings, LLC ("MBI," and together with TGC, "Claimants"), hereby provide this Notice of Arbitration to Global Partners LP ("Global Partners") and Global Operating LLC ("Global Operating," and together with Global Partners, "Respondents") pursuant to Section 10.2(a) of the Basin Transload Limited Liability Company Agreement (the "LLC Agreement"), to which the Claimants and Global Operating are parties. This notice is provided in accordance with the 2018 CPR Non-administered Arbitration Rules (the "CPR Rules").

## I. PARTIES

Claimant TGC is a Montana limited partnership, with the following address and contact information:

TGC, L.P.
Attn: James R. Bennett
3529 Gabel Road
P.O. Box 80284
Billings, MT 59108
Telephone: (406) 652-8328
Email: jimb@diamondbco.com

Claimant MBI is a North Dakota limited liability company, with the following address and contact information:

MBI Holdings, LLC
Attn: James R. Arthaud
103 Fifth Street East
Dickinson, ND 58601
Telephone: (701) 290-9015
Email: jima@midstate.net

Claimants are represented in this arbitration by Sidley Austin LLP, with the following address and contact information:

Sidley Austin LLP
Attn: Penny Reid
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Email: preid@sidley.com

Respondent Global Operating is a Delaware limited liability company. Global has the following address and contact information:

Global Operating LLC
Attn: William G. Davidson
800 South Street, Suite 200
Waltham, MA 02453
Telephone: (781) 894-8800
Email: bdavidson@globalp.com

Respondent Global Partners is a Delaware limited partnership, with the following address and contact information:

Global Partners LP
Attn: Mark Romaine
800 South Street, Suite 200
Waltham, MA 02453
Telephone: (781) 929-3279
Email: mromaine@globalp.com

Respondents are legally represented by Edward Faneuil, with the following address and contact information:

> Global Partners LP
> 800 South Street, P.O. Box 9161
> Waltham, MA 02454
> Telephone: (781) 398-4211
> Email: efaneuil@globalp.com

## II. DEMAND FOR ARBITRATION

Pursuant to Section 10.2(a) of the LLC Agreement, Claimants provide this Notice of Arbitration to Respondents to resolve the continued disputes arising under the LLC Agreement, dated February 1, 2013. Claimants refer any and all disputes arising out of or in connection with the LLC Agreement to arbitration under the CPR Rules.

## III. ARBITRATION CLAUSE

The disputes between Claimants and Respondents relating to the LLC Agreement are subject to arbitration under the CPR Rules. Section 10.2(a) of the LLC Agreement states the following, in relevant part:

> Any Dispute shall be finally resolved by binding arbitration in accordance with the CPR Rules except as otherwise set forth below. The Member commencing arbitration shall deliver to the other Members and to the CPR a Notice of Arbitration in accordance with CPR Rule 3.

LLC Agreement, § 10.2(a).

Exhibit A-4 of the LLC Agreement defines "Dispute":

> 'Dispute' shall mean any claim, counterclaim, demand, cause of action, dispute, disagreement or any other controversy arising out of or related in any way to this Agreement (including the breach hereof), the subject matter of this Agreement, or the transactions contemplated pursuant to this Agreement.

*Id.* ex. A-4.

The LLC Agreement provides that arbitration shall take place in Chicago, Illinois, and be conducted in accordance with the CPR Rules. *Id.* § 10.2(a)(iii)–(iv). Claimants are providing this

Notice of Arbitration to Respondents and their counsel in accordance with the notice requirements set forth in Section 10.3 of the LLC Agreement. *See id.* § 10.3.

## IV. STATEMENT OF THE GENERAL NATURE OF CLAIMS

Claimants and Global Operating entered into the LLC Agreement on February 1, 2013, to create Basin Transload, LLC (the "Company"), which provides logistics and transloading services (the transfer of materials from one mode of transportation to another) for crude oil, natural gas liquids, distillate fuels, hydraulic fracturing proppants, as well as pipe, rail, and other industrial materials. Global Operating is itself a marketer and buyer of those services, and after Global Operating became the Company's controlling Member, Respondents repeatedly abused their control the Company for their own benefit and to the detriment of the Company and Claimants, and otherwise neglected their duties and responsibilities to the Company. Such abuses and derelictions include, but are not limited to, the following:

(1) <u>Interference with United Energy Trading as a Customer, and Resulting Damage to the Company's Reputation:</u> Prior to Respondents' investment in the Company in February 2013, United Energy Trading ("UET") was a transloading customer of the Company at the Beulah, North Dakota site. UET and the Company had a multi-year contract, originally signed in 2011 and renegotiated on February 28, 2013. The contract provided that Beulah was the exclusive site of UET. Because of operational and contractual issues caused by Respondents in late 2013 and 2014, stemming from the fact that Global Operating, as a marketer, was acting as a competitor to UET, the relationship with UET was irreparably damaged and eventually severed. Because of Respondents' involvement with and use of the Beulah site, producers in the Bakken no longer consider Beulah a true third-party transloading site. Moreover, the economic harm resulting from this perception of the Company has been compounded by its transition to Respondents' software

systems for all transloading transactional purposes as multiple potential customers have refused to intermingle their data with Respondents' or otherwise grant Respondents access to their data.

(2) Self-serving Rate Negotiations: Before investing in the Company, Respondents were the Company's customers. This relationship continued after Respondents' investment. However, with access to all of the Company's operational and financial information, Respondents unfairly utilized that information when negotiating rates that the Company charged Respondents, in contradiction with the LLC agreement and industry practice. *Id.* § 3.10 ("[I]f any Member engages in any business with the Company, such Member shall pay for any goods or services related to such business at the same rate and at the same time as any other customer of the Company. A Member shall not receive a more favorable rate or charge simply by reason of its status as a Member," unless approved by a two-thirds vote.). Rather than set pricing at a rate that would be established pursuant to arm's length negotiations, Respondents reduced their cost of transportation and the profits realized by the Company. Although this has negatively impacted Respondents' returns through the Company, this is more than offset by the increases to their profit on the marketing side—at the Company's and Claimants' expense.

(3) Mismanagement of the Construction Agreement: Respondents executed on behalf of the Company a Construction and Indemnity Agreement, dated March 14, 2014 ("Construction Agreement"), with Tesoro High Plains Pipeline Company LLC ("THPP"), owner of a North Dakota pipeline system. The Construction Agreement provides, in relevant part, that if no volumes of crude petroleum are delivered to a certain destination during any 180 days within any period of twelve consecutive months, THPP has the right to terminate the Construction Agreement and demand indemnity payment from the Company. *See* Construction Agreement §§ 7(b)(i), 9(b). Respondents further "unconditionally and absolutely guarantee[d] to [THPP] the prompt payment

when due of all amounts payable by [the Company] under the [Construction] Agreement." *See* Construction Agreement add. B § 1 (the "Guaranty Payment"). Under the Company's Shared Services Agreement, Respondents are compensated to provide the Company with various services, including marketing, contract administration, legal, and labor resources. With the understanding that Respondents would therefore manage the Construction Agreement and the Company's related obligations, on April 3, 2014, Claimants and Global Partners entered into a Letter Agreement providing for Claimants' partial reimbursement of certain Guaranty Payments made by Respondents (the "Letter Agreement"). Respondents, through no fault of Claimants, negligently failed to monitor or adhere to the minimum volume requirements necessary to avoid default under the Construction Agreement. Accordingly, on August 23, 2017, THPP demanded the Guaranty Payment, which Respondents paid and for which Respondents sought reimbursement from Claimants.

Respondents' course of conduct, along with their general mismanagement of the business, led Claimants to propose over the course of over two years several equitable buyout or dissolution options that would resolve the Guaranty Payment and fairly unwind the LLC. Respondents' counteroffers and proposals, however, have not implemented a good faith valuation of company assets, and Respondents continue to deteriorate the Company's cash flow in violation of its duty of care to minority members.

Claimants ask the Tribunal to dissolve the Company. As evidenced through their prolonged and fruitless negotiations, the Company's members are at a fundamental discord, and Respondent's managerial dysfunction continues to drive the Company's value downward, in longstanding violation of Claimants' reasonable expectations as minority members. Claimants cannot demand dissolution under the LLC Agreement because it requires an affirmative vote of

Directors representing at least 67% of the Percentage Interests, and Claimants own only 40%. *See* LLC Agreement § 9.1(a). Left with no other option, Claimants therefore seek equitable dissolution of the Company.

## V. RELIEF SOUGHT

For the reasons stated above, Claimants seek equitable dissolution of the Company and a determination that they owe no reimbursement to Respondents under the Letter Agreement in light of Respondents' negligence in managing the Construction Agreement and the Company generally.

Claimants seek any costs, attorney's fees, and expenses associated with this arbitration, along with any other remedy or relief the Tribunal deems just and equitable, in accordance with Rule 10 of the CPR Rules and Section 10.2(a)(vii) of the LLC Agreement.

## VI. DESIGNATION OF ARBITRATOR

Under the LLC Agreement, if the amount claimed is $1,000,000 or greater, the Claimant must appoint an arbitrator in its Notice of Arbitration. Claimant therefore designates Daryl Bristow, 1610 Morse Street, Houston, TX 77019, (713) 857-1021, darylbristow@mac.com. *See Id.* § 10.2(a)(i)(B).

Date: January 31, 2020

By: Penny Reid /cmr
Penny P. Reid